UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PREPARED FOOD PHOTOS, INC.,
*formerly known as* ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

                                      Plaintiff,

-against-

MIKEY'S FAMOUS MARINADES CORP.,
*doing business as* MIKEY'S NEW YORK MARINADE,

                                      Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-1484 (JMA) (AYS)

FILED
CLERK
7/31/2023 1:43 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Prepared Food Photos, Inc. ("Plaintiff") for default judgment against Defendant Mikey's Famous Marinades Corp. ("Defendant") in the amount of $27,482.39. In this copyright infringement action, Plaintiff seeks: (1) statutory damages of $23,976.00 pursuant to 17 U.S.C. § 504(c) for willful copyright infringement; and (2) attorney's fees and litigation costs of $2,897.50 and $608.89, respectively, pursuant to 17 U.S.C. § 505. (ECF No. 11.) Plaintiff also seeks a permanent injunction enjoining Defendant from continuing to infringe on its copyright pursuant to 17 U.S.C. § 502(a). (Id.) For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED, in part, and DENIED, in part, and Plaintiff is awarded a default judgment against Defendant in the amount of $27,263.00.

**I. DISCUSSION**

**A. Defendant Defaulted**

Defendant was properly served in this action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

B. **Liability**

When a defendant defaults, the Court is required to accept all factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether those allegations establish the defendant's liability as a matter of law. Id.

Plaintiff alleges that, in 1996, it created a photograph titled "PorkChopCCBnInGrlMrk006_ADL" (the "Photograph"). (ECF No. 1 ("Compl."), ¶ 11.) The Complaint does not state the date on which the Photograph was originally published but Plaintiff's registration, of which the Court takes judicial notice, notes that it was first published on November 5, 1996. (ECF No. 1-1 at 5.) See Fleishman v. World Bride Magazine, LLC, No. 19-cv-5595, 2020 WL 7774843, at *6 (E.D.N.Y. Oct. 27, 2020), adopted by, 2020 WL 7770936 (E.D.N.Y. Dec. 30, 2020). Beginning on a date unknown to Plaintiff, Defendant published the Photograph on its website as part of an advertisement for one of its products. (Compl. ¶¶ 16-17.) Plaintiff discovered Defendant's use/display of the Photograph in or about July 2020. (Id. ¶ 23.) Plaintiff's registration indicates that the Photograph was registered with the United States Copyright Office on December 30, 2016. Plaintiff alleges that Defendant neither licensed the Photograph from Plaintiff, nor had Plaintiff's permission or consent to publish the Photograph on its website. (Compl. ¶ 18.)

Here, the allegations in the Complaint are sufficient to establish Defendant's liability under 17 U.S.C. § 501 of the Copyright Act for copyright infringement.

C. **Damages**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d

2

182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

For violation of 17 U.S.C. § 501, Plaintiff seeks $23,976.00 in statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c).  Because Plaintiff has elected to seek statutory damages under the Copyright Act, no hearing is necessary.  See Hirsch v. Sell It Soc., LLC, No. 20-cv-0153, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020).

Under the Copyright Act, a plaintiff who elects statutory damages may recover an award between $750 and $30,000 "as the court considers just."  17 U.S.C. § 504(c)(1).  "[W]here the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c)(2).  In determining damages, courts consider the following factors: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."  Dermansky v. Tel. Media, LLC, No. 19-cv-1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (quoting Bryant v. Media Rights Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010)).  "District courts enjoy wide discretion in setting statutory damages."  Castillo v. G&M Realty L.P., 950 F.3d 155, 171 (2d Cir. 2020) (citing Bryant, 603 F.3d at 143).

At the outset, the Court notes that several district courts—including courts in this Circuit—have heard virtually identical cases. Each of those cases involved a claim of copyright infringement by this Plaintiff, where each defendant was not a subscriber to Plaintiff's service but nevertheless impermissibly used one of Plaintiff's photographs on the defendant's website. In each case, Plaintiff filed a motion for default judgment on the same grounds as this case. And in each case, the court granted Plaintiff's motion for default judgment, awarded damages, and issued a permanent injunction. See, e.g., Prepared Food Photos, Inc. v. WaDaYaNeed, LLC, No. 22-cv-1270, 2023 WL 4234821 (N.D.N.Y. June 28, 2023) (granting default judgment motion where defendant business advertising agency impermissibly used Plaintiff's copyrighted photo on defendant's website); Prepared Food Photos, Inc. v. Shadowbrook Farm LLC, No. 22-cv-704, 2023 WL 4199412 (N.D.N.Y. June 27, 2023) (same); Prepared Food Photos, Inc. v. Chicago-Mkt.-distributors, Inc., No. 22-cv-03299, 2023 WL 3570673 (D. Col. Apr. 18, 2023), report and recommendation adopted, 2023 WL 3568164 (D. Col. May 19, 2023) (same); Prepared Food Photos, Inc. v. Trip Rest. LLC, No. 22-cv-07953, 2023 WL 2955298 (S.D.N.Y. Apr. 14, 2023) (same); Prepared Food Photos, Inc. v. Silver Star of Brook., No. 22-cv-4196, ECF No. 14 (E.D.N.Y. Jan. 23, 2023) (same); Prepared Food Photos, Inc. v. Fat Daddy Co., No. 22-cv-61671, ECF No. 14 (S.D. Fla. Nov. 29, 2022) (same); Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC, No. 21-cv-82129, 2022 WL 20289263, ECF No. 16 (S.D. Fla. Mar. 22, 2022) (same).

These cases are instructive. The virtually identical fact patterns and outcomes show a pattern of consistency in treating copyright claims with this Plaintiff. These cases also outlined the unique circumstances involving this Plaintiff and calculating damages. With these cases in mind, Plaintiff urges the Court to adopt the damages model used by many of the above courts: take the cost of a one-year subscription to Plaintiff's service ($11,988.00) and double it (totaling

4

$23,976.00). See, e.g., Trip Restaurant, 2023 WL 2955298, at *7 (using $23,976.00 as the baseline calculation for damages, and then multiplying the baseline by the number of years of the defendant's violation); Patriot Fine Foods, 2022 WL 20289263, ECF No. 16 ("I find that Plaintiff is entitled to statutory damages in the amount of $23,976.00.").

The Court finds Plaintiff's proposed damages model persuasive. Defendant could only permissibly gain access to the Photograph if Defendant purchased a one-year subscription to Plaintiff's website. (See Declaration of Rebecca Jones, ECF No. 11-1, ¶¶ 4-5.) Defendant could not purchase or license the Photograph individually, nor could Defendant purchase less than a one-year subscription. (Id. ¶ 8.) Thus, by impermissibly using Plaintiff's copyrighted work and failing to pay the one-year subscription, Defendant cost Plaintiff $11,988.00 in earnings. Courts must not only consider the actual harm incurred to copyright plaintiffs, but also "deterrence of potential infringers." Dermansky, 2020 WL 1233943, at *5. This element of deterrence has played a role in the decision by other courts to double the $11,988.00 amount. See, e.g., Patriot Fine Foods, 2022 WL 20289263, ECF No. 16 ("Here, doubling $11,988 will appropriately account for the circumstances surrounding this infringement and the need for deterrence. Defendant's declination to participate in this litigation impeded the court's ability to calculate the total extent of Plaintiff's actual damages, including Defendant's profits. Defendant likely profited to some degree from its unauthorized use.").

The same reasoning is equally applicable here. Defendant has not participated in this case, making it impossible to conduct discovery and calculate the full extent of Plaintiff's damages. Furthermore, given that Defendant used Plaintiff's copyrighted work to market Defendant's products, it is likely that Defendant profited from its violation. Finally, the Court must consider ways to deter future copyright violations. A doubling of the $11,988.00 amount would help to

5

deter future violations as it would warn of the high costs that face copyright infringers. Accordingly, Plaintiff is awarded $23,976.00 in statutory damages.

**D. Attorney's Fees and Costs**

Plaintiff also requests an award of $2,897.50 in attorney's fees and $608.89 in litigation costs incurred in litigating this action. Under Section 505 of the Copyright Act, the Court may "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Copyright Act provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Plaintiff's copyright registration indicates that the Photograph was registered by Plaintiff with the Register of Copyrights on December 30, 2016. (ECF No. 11-2 ("DeSouza Decl."), ¶ 12.)

"An award of attorney's fees to a plaintiff in a copyright action is generally appropriate where the defendant has defaulted." Martinka v. Yeshiva World News, LLC, No. 20-cv-5330, 2022 WL 4484655, at *7 (E.D.N.Y. Sept. 27, 2022). This Court relies on the product of a reasonable hourly rate and the reasonable number of hours required by the case as a presumptively reasonable rate. See id. The applicant bears the burden to demonstrate reasonableness. Phillips v. TraxNYC Corp., No. 21-cv-528, 2023 WL 1987206, at *11 (E.D.N.Y. Feb. 14, 2023), report and recommendation adopted, 2023 WL 2532066 (E.D.N.Y. Mar. 14, 2023).

1. Attorney's Fees

"In copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior

6

associates, and $70 to $100 for legal support staff." Martinka, 2022 WL 4484655, at *7 (internal quotations and citations omitted).

The Court finds the hourly rate for Plaintiff's attorney to be reasonable. Lead counsel Daniel DeSouza requests an hourly rate of $450 based on nearly 18 years' worth of experience in complex commercial and intellectual property litigation in state and federal courts. (DeSouza Decl. ¶¶ 2, 4-10.)

However, the Court finds that the paralegal's $125 hourly rate is not consistent with rates awarded by courts in this district for similar copyright cases. See, e.g., Sadowski v. Yeshiva World News, LLC, No. 21-cv-7207, 2023 WL 2707096, at *9 (E.D.N.Y. Mar. 16, 2023), report and recommendation adopted, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023) (reducing DeSouza's paralegal's rate from $125 per hour to $100 per hour); Martinka, 2022 WL 4484655, at *7 (noting hourly rates of "$70 to $100" for legal support staff). Despite bearing the burden of proof, Plaintiff's counsel offers no information about his paralegal's educational or professional experience, skills, or other qualifications that justify $125 per hour. Instead, "a $100 hourly fee for paralegals assisting with intellectual property cases has been found reasonable." Wareka v. Dryluxe LLC, No. 21-cv-2422, 2022 WL 2467544, at *6 (E.D.N.Y. Apr. 7, 2022), report and recommendation adopted, 2022 WL 2753106 (E.D.N.Y. July 14, 2022). The Court thus reduces the paralegal's rate to $100 per hour.

The Court also finds that the number of hours expended in this case are reasonable, based on the records attached to the motion. See Myeress v. Elite Travel Group USA, No. 18-cv-340, 2018 WL 5961424, at *5 (S.D.N.Y. Nov. 14, 2018) (Denying attorney's fees based on 18.2 hours billed in copyright action on motion for default judgment as "excessive" and awarding fees based on nine hours billed); Phillips, 2023 WL 1987206, at *10 (Awarding attorney's fees based on nine

7

hours billed in copyright default judgment action). Here, DeSouza billed 6.3 hours and his paralegal billed 0.5 hours, each performing substantive or administrative tasks commensurate with their respective levels of experience. See Prokos, 2021 WL 982878, at *7. The Court thus awards $2,885.00 in attorney's fees.

   2. Costs

Finally, Plaintiff requests $608.89 in costs, which includes $402 in filing fees and $206.89 for service of process. (DeSouza Decl. at 8-9.) "The court in its discretion may allow the recovery of full costs by or against any party[.]" Sadowski, 2023 WL 2707096, at *9 (quoting 17 U.S.C. § 505); see also Alvarado v. VNY Media Corp., No. 21-cv-4565, 2022 WL 2834655, at *5-6 (E.D.N.Y. July 20, 2022). First, "[t]he Court permissibly takes judicial notice of the docket notations for paid filing fees." Phillips, 2023 WL 1987206, at *11. The docket reflects that Plaintiff paid the $402 filing fee. (See ECF No. 1.) Plaintiff's request for process server fees, however, lacks documentary proof outside of the client invoice submitted by Plaintiff's counsel. Accordingly, Plaintiff is awarded $402.00 in litigation costs.[1]

**E. Permanent Injunction**

Plaintiff further seeks to permanently enjoin Defendant from continuing to display or otherwise use the Photograph without its consent. A court may grant "final injunctions on such

---

[1] Plaintiff makes a passing request for prejudgment interest in its Complaint and motion papers but provides no supporting facts or law. (See Compl. at 8; ECF No. 11 at 20.) The Copyright Act does not expressly provide for prejudgment interest, and the decision to award such interest lies within the court's discretion. See, e.g., Sadowski, 2023 WL 2707096, at *8; Samsonite IP Holdings S.ar.l. v. Shenzhen Liangyiyou E-Commerce Co., Ltd., No. 19-cv-2564, 2021 WL 9036273, at *18 (S.D.N.Y. Apr. 27, 2021). Here, considering Plaintiff's lack of argument or law to support its request, the Court considers this argument waived. See Root Bros. Farms v. Big Big Produce, Inc., No. 21-cv-1962, 2022 WL 4586185, at *1 (E.D.N.Y. Aug. 2, 2022), report and recommendation adopted, 2022 WL 4586350 (E.D.N.Y. Sept. 29, 2022). Accordingly, the Court denies Plaintiff's request for prejudgment interest.

terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Here, "Plaintiff has met the threshold inquiry of actual success on the merits; that success is based on Defendant['s] default and the Court's subsequent determination of liability." Gogo Apparel, Inc. v. Daruk Imports, Inc., No. 19-cv-5701, 2020 WL 4274793, at *8 (S.D.N.Y. June 11, 2020), report and recommendation adopted, 2020 WL 4271694 (S.D.N.Y. July 23, 2020). Thus, to obtain a permanent injunction, Plaintiff must show that:

> (1) [it] has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

Salinger v. Colting, 607 F.3d 68, 77 (2d Cir. 2010) (quoting eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006)). "Courts routinely grant injunctive relief in copyright cases where liability is established and there is a threat of continuing infringement." Wareka, 2022 WL 2467544, at *3.

Here, all four factors weigh in favor of issuing a permanent injunction. First, courts issue injunctions in copyright cases because it is "notoriously difficult" to prove the loss of sales due to infringement and "the threat of continuing violations establishes the necessary irreparable harm." See, e.g., Sadowski, 2023 WL 2707096, at *7-8; Wareka, 2022 WL 2467544, at *4; Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17-cv-5721, 2019 WL 312149, at *9 (E.D.N.Y. Jan. 3, 2019), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). Plaintiff has established a threat of continuing violations because Defendant did not defend this action and

ignored Plaintiff's requests to remove the Photograph from its website.  See Korzeniewski, 2019 WL 312149, at *9.

Second, Defendant's continuing infringement establishes the second element because "[a] plaintiff has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing its copyright[.]"  Id.  Indeed, the infringement continues to this day, as the Photograph is still on Defendant's website as of the publishing of this Order.

Third, the balance of hardship favors Plaintiff where, as here, Defendant has failed to appear and thus identify any legitimate hardship.  Wareka, 2022 WL 2467544, at *4; see, e.g., Malibu Media, LLC v. Doe, No. 19-cv-3806, 2020 WL 8093340, at *1 (E.D.N.Y. Dec. 2, 2020), report and recommendation adopted, 2021 WL 123369 (E.D.N.Y. Jan. 13, 2021) ("[I]t is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product.").

Finally, enjoining Defendant from using the Photograph would not disserve the public interest as the public "has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work."  Wareka, 2022 WL 2467544, at *4 (quotations and citations omitted).  Because all four factors are satisfied, the Court concludes that a permanent injunction enjoining Defendant from continuing to infringe Plaintiff's copyright in the Photograph is warranted.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted, in part, and denied, in part.  The Clerk of the Court is respectfully directed to enter the following judgment against Defendant.  Defendant Mikey's Famous Marinades Corp. is liable to Plaintiff Prepared Food Photos, Inc. for:  (1) $23,976.00 in statutory damages; (2) $2,885.00 in attorney's fees; and (3) $402.00 in costs, for a total award of $27,263.00.  Plaintiff is further granted a permanent

injunction enjoining Defendant from continuing to infringe on Plaintiff's copyright in the Photograph. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: July 31, 2023
        Central Islip, New York

                                                    /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE